419 A.2d 82

**COMMONWEALTH of Pennsylvania**

v.

**Victor DeLEON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed March 7, 1980.

38

Thomas G. Klingensmith, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HESTER, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Lancaster County, Criminal Division. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant was involved in a one–car accident at the intersection of Rockland and North Streets in the city of Lancaster. Upon arrival of the city police, appellant was observed lying outside the vehicle. The investigating officer noticed an odor of alcohol on appellant's breath as he was assisting in the administration of first aid. There were skidmarks approximately 35 feet in length leading up to a stop sign which had been knocked to the ground indicating that the

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

vehicle had been driven in excess of the speed limit. After leaving the accident scene, the police stopped at the station in order to pick up a portable breathalyzer, before questioning appellant at the hospital. Upon arrival at the hospital, appellant stated he was the operator of the vehicle. During appellant's jury trial on the charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor (75 Pa.C.S.A. § 3731), this statement was admitted over objection by appellant.

Appellant contends an extrajudicial admission or confession may not be introduced until the corpus delicti of operating under the influence is first established by independent evidence. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Butts*, 204 Pa.Super. 302, 204 A.2d 481 (1964); *Commonwealth v. Gomino*, 200 Pa.Super. 160, 188 A.2d 784 (1963). "This rule is rooted in a hesitancy to convict one of crime on the basis of his own statements only." *Commonwealth v. Ware*, 459 Pa. 334, 365, 329 A.2d 258, 274 (1974).

"The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent dangers of a conviction where no crime has in fact been committed . . .." *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401, 404 (1940).

The "corpus delicti" rule has been applied in cases involving misdemeanors. *Com. v. Bufalini*, 200 Pa.Super. 85, 186 A.2d 645 (1962). An admission as applied to criminal cases has been defined as a "statement by defendant of a fact or facts pertinent to the issues, and tending, in connection with proof of other facts or circumstances, to prove the guilt, * * * but which is, of itself, insufficient to authorize conviction; it is a circumstance which requires the aid of further testimony to generate a reasonable conclusion of guilt." *Commonwealth v. Evans*, 190 Pa.Super. 179, 245–246, 154 A.2d 57, 92 (1959). Thus, appellant's statement does qualify as an extrajudicial admission.

40

We must now ascertain whether the corpus delicti was proven prior to the admission of the appellant's statement. The Motor Vehicle Code defines the crime of operating under the influence as follows:

"(a) a person shall not drive any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving."

75 Pa.C.S.A. § 3731.

■ Professor Wigmore's analysis that a crime conceptually consists of three elements has been followed by our Supreme Court. They are "1) the occurrence of the specific kind of injury or loss; 2) somebody's criminality (in contrast, e. g. to accident) as the source of the loss,—these two together involving the commission of the crime by somebody; and, thirdly, the accused's identity as the doer of the crime." *Commonwealth v. Ware*, supra.

■ The Supreme Court has further held that if the independent evidence points to an unlawful act, the Commonwealth need not affirmatively exclude the possibility of accident in order to establish the corpus delicti. *Commonwealth v. Ware*, supra; *Commonwealth v. May*, 451 Pa. 31, 301 A.2d 368 (1973). Corpus delicti meaning "body of the crime," consists of the first two elements.

■ Applying the foregoing analysis to this case, the Commonwealth had proven the corpus delicti prior to the extrajudicial admission being admitted. There was proof that an automobile was operated by someone in excess of the speed limit, knocking down a stop sign and leaving considerable skidmarks. The officer further testified he detected the odor of alcohol upon the breath of the appellant who was lying near the car. All this information is consistent with the fact that someone operated a motor vehicle while under the influence of intoxicating liquor. Therefore, the corpus delicti had properly been proven by independent evidence prior to the admission into evidence of appellant's statement.

Appellant further contends his admission of operating the vehicle should not have been admitted into evidence because the Commonwealth failed to prove he was apprised of his "Miranda Rights" prior to the statement being admitted. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant filed no motion to suppress, nor did he raise the issue of voluntariness of the confession at trial. *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968). Rule 323(b) of the Pa. Rules of Criminal Procedure reads in pertinent part, as follows: "If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived." Therefore, appellant waived any objection to admissibility of the admission based on a violation of his rights. Although he could have raised the voluntariness of his statement as a jury issue to be determined at trial, he chose not to do so. *Commonwealth v. Leamer*, 449 Pa. 76, 295 A.2d 272 (1972).

Accordingly, the judgment of sentence is affirmed.