540 A.2d 556

**COMMONWEALTH of Pennsylvania**

v.

**William B. MAHANEY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1987.

Filed April 14, 1988.

130

Arthur L. Jenkins, Jr., Norristown, for appellant.

Mary MacNeil Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and JOHNSON, JJ.

JOHNSON, Judge:

Following a trial by jury the appellant, William B. Mahaney, was found guilty of driving under the influence in violation of 75 Pa.C.S. § 3731(a)(1). Post-verdict motions were denied and a forty eight (48) hour to twenty three (23) month sentence was imposed. Appellant appeals from this judgment of sentence. We affirm.

On January 4, 1986 Officer Theodore McGinley received a call at 1:56 a.m. reporting an accident with injuries on West Ridge Pike, Limerick Township, Montgomery County, Pennsylvania. He arrived at the scene about a minute later. Appellant was standing with two state troopers, both of whom left after McGinley arrived. Their identity is unknown. There were no witnesses to the single car accident.

McGinley testified that appellant's speech was slurred, that he smelled of alcohol and was obviously off balance. Appellant admitted he had been drinking.

At 2:30 a.m. appellant was taken by ambulance to Sacred Heart Hospital for treatment of a cut over his right eye. McGinley remained at the scene to investigate the accident.

Sometime after midnight but before the accident, McGinley had observed a saw-horse barricade with flashing lights five to six feet off the road in the grass. After the accident he found this barricade, along with other debris, in the middle of the road. McGinley found skid marks leading off the road to the right, twenty feet west of the intersection of Ridge and Country Club Road. There were also skid marks

through the place where the barricade had been, across Country Club Road, through a mailbox, across four traffic-lanes to the other side and into two cut-off telephone poles which were in the dirt. There was a trail of mud from the two poles back across Ridge Pike onto the premises at 165 West Ridge Pike. The road was otherwise dry.

Shortly before 4:00 a.m. Officer McGinley arrived at the hospital, arrested appellant for driving under the influence and obtained permission to test appellant's blood for alcohol. Appellant submitted to the blood test in McGinley's presence and the sample was taken to the police station by McGinley. Dr. Paul Schweda, Director of National Medical Services tested the sample and found the blood alcohol concentration to be .17 percent by weight.

According to appellant's version of the facts he became intoxicated *after* the accident. While appellant was not sure of the exact time of the accident he assumed it to be around midnight. He was driving east on Ridge Pike when something crashed through his windshield causing him to lose control of his car. (It was later determined that it was the flashing sawhorse barricade). After the accident appellant moved the badly damaged car into a nearby parking lot to inspect it. He attempted to change a tire but did not have a lug wrench. He then walked to a friend's house where he met Bruce Waters. Appellant and Waters left the house with a six-pack of beer. Waters took one beer and left to search for a tow truck. Appellant returned to the car and drank the other five beers over the next hour while waiting for Waters to return. In the meantime, Officer McGinley arrived on the scene. At trial, appellant admitted drinking the five beers and having two glasses of scotch with dinner, earlier in the evening. Appellant denied being under the influence at the time of the accident.

Appellant was found guilty of driving under the influence of alcohol. In this appeal appellant raises the following issues:

I. DID THE COURT BELOW ERR IN FAILING TO GRANT DEFENDANT'S MOTION FOR A DIRECT-

ED VERDICT BECAUSE THE COMMONWEALTH FAILED TO PROVE THE CRIME OF OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL AS A MATTER OF LAW? [1]

II. DID THE COURT BELOW ERR IN ALLOWING THE TESTIMONY OF AN EXPERT WITNESS WITH RESPECT TO BLOOD TEST RESULTS WHEN THE COMMONWEALTH FAILED TO PRODUCE THE MEDICAL TECHNICIAN WHO TOOK THE BLOOD TEST OR ESTABLISH THE CREDENTIALS OF THE TECHNICIAN BY INDEPENDENT EVIDENCE?

III. DID THE COURT BELOW ERR IN ALLOWING THE MEDICAL EXPERT TO TESTIFY ON THE ISSUE OF BLOOD TESTING WHEN NO PROPER FOUNDATION WAS LAID TO CONNECT THE TEST RESULTS TO THE TIME OF THE ACCIDENT?

Issues I and II both turn upon appellant's contention that the Commonwealth failed to establish the time of the accident and thus failed to establish the elements of the crime. Therefore, we will discuss the two issues together. Appellant was convicted of Driving Under the Influence of Alcohol, 75 Pa.C.S. § 3731(a)(1) which provides:

*§ 3731. Driving under the influence of alcohol or controlled substance*

(a) *Offenses defined.*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving.

75 Pa.C.S. § 3731(a)(1). Thus, the Commonwealth must show the defendant to be (1) the operator of a motor vehicle when (2) under the influence of alcohol to the degree which renders him incapable of safe driving. *Commonwealth v. Slout*, 288 Pa.Super. 471, 432 A.2d 609 (1981). Appellant's

---

1. The issue before this Court is whether the court erred in denying Appellant's post-verdict motion in arrest of judgment.

motion for a new trial and/or in arrest of judgment raised the issue of whether there was sufficient evidence to find appellant guilty of driving under the influence of alcohol, 75 Pa.C.S. § 3731.

An appellate court, in evaluating the sufficiency of the evidence, must determine whether, reviewing the entire record in the light most favorable to the Commonwealth as verdict winner and making all reasonable inferences in its favor, there was sufficient evidence to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Stoyko*, 504 Pa. 455, 462, 475 A.2d 714, 718, *cert. denied*, 469 U.S. 963, 105 S.Ct. 361, 83 L.Ed.2d 297 (1984).

Circumstantial evidence alone can be sufficient to convict a defendant of a crime. *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). However, the constitutional requirements of proving guilt beyond a reasonable doubt must still be met. *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980).

■ As to whether the Commonwealth presented sufficient evidence to sustain the conviction, we recognize that in finding appellant guilty of (1) operating a motor vehicle, (2) while under the influence of alcohol, 75 Pa.C.S. § 3731; *Commonwealth v. Arizini*, 277 Pa.Super. 27, 419 A.2d 643 (1980), it was within the province of the jury to believe "all, part, or none of the evidence." *Commonwealth v. Jackson*, 336 Pa.Super. 609, 486 A.2d 431 (1984). Appellant cites the case of *Commonwealth v. Lavery*, 35 Pa.D. & C.3d 333 (1985) to support his contention that in the absence of evidence of the time at which an auto accident occurred, evidence that a defendant was operating the motor vehicle at the time of the accident and that he was legally drunk at the time of investigation does not establish a prima facie case of driving while intoxicated. After a thorough review of the trial record, the briefs and the trial court opinion, we agree with the trial court that in this case, contrary to *Lavery*, there was sufficient evidence from which a jury

could infer the time of the accident, which is the only point at which appellant's physical condition is relevant.

Here, we first have Officer McGinley's observations upon arrival at the scene of the accident at 1:56 a.m. that appellant was visibly intoxicated as evidenced by appellant's slurred speech, lack of balance, and odor of alcohol. Appellant admitted at this time that he had been drinking. Also, there was expert medical testimony consistent with a jury finding that appellant could have been under the influence of alcohol as early as 12:00 midnight. Next, the mere occurrence of appellant's accident could be used to draw the inference that appellant was driving under the influence of alcohol. *Commonwealth v. Fairley*, 298 Pa.Super. 236, 245, 444 A.2d 748, 752 (1982). This was a one car accident. Appellant lost control of his vehicle under dry road conditions, hit a barricade that had been observed after midnight by Officer McGinley 6–8 feet off the side of the road, then skidded extensively across a four lane highway.

The record evidences two additional factors which we view as significant. One, the accident occurred on a routinely patrolled major roadway. Two, a large quantity of debris, including a large saw-horse barricade remained in the middle of the road when Officer McGinley arrived. Taken together these factors strongly suggest that the accident had just happened. This type of debris presented a major safety hazard and the frequent patrols would have already removed it if significant time had elapsed. The physical evidence present at the scene coupled with Officer McGinley's observations of appellant's intoxication at that time were strong indications that appellant was driving under the influence of alcohol when the accident occurred.

Finally, since the jurors were aware of appellant's contention that he drank the alcohol after the accident because he was in pain and was worried, they were required to decide whether appellant's testimony was credible. *Id.* "It is a basic tenet of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution." *Commonwealth v. Arms*, 489 Pa. 35, 39, 413

A.2d 684, 686 (1980) (citations omitted). Here, the jury chose to discredit appellant's testimony as to when he first became intoxicated. This is a finding of credibility with which we as an appellate court will not tamper. *Id.*

■ Viewing the evidence in the light most favorable to the Commonwealth and drawing all such logical inferences therefrom, we conclude that the evidence is sufficient to support a finding of guilt on the charge of driving under the influence of alcohol.

Appellant's remaining contention is that the trial court erred in allowing testimony concerning the blood alcohol test because the Commonwealth failed to establish the credentials of the technician who drew the blood and failed to produce the technician.

■ We have reviewed the trial court's discussion of this issue and agree that 75 Pa.C.S. § 1547(c) and 28 Pa. Code § 5.24 and § 5.1 focus on the qualifications of the person performing the blood testing and the equipment used, not the technician who drew the blood. The qualifications of Dr. Schweda who performed the test and the suitability of the equipment he used were established at trial. (N.T. 10/1/86, at 36, 37, 39, 41, 42). The technician was qualified for his position by the hospital and withdrew the blood under police supervision. Under these facts, the only reason to call the technician who drew the blood would be to establish the chain of custody. However, as the trial court pointed out, when the police observe the technician drawing the blood, the Commonwealth is not compelled to call the technician. *Commonwealth v. Arizini*, 277 Pa.Super. at 40 n. 4, 419 A.2d at 650 n. 4 (1980). In this case Officer McGinley personally witnessed the technician's drawing the blood and took immediate possession of the labeled blood. Therefore, there is no chain of custody problem here which would have necessitated the testimony of the technician.

Because we agree that sufficient evidence was presented for the jury to reach its decision that appellant was driving

under the influence and that the inferences drawn follow directly from the facts presented, we affirm.

Judgment of sentence affirmed.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting:

I respectfully dissent. The Commonwealth's evidence was insufficient to support the conviction and I would reverse.

The statute Mahaney was charged with violating required the Commonwealth to prove (1) that Mahaney was operating the vehicle, and (2) that while he was operating it, he was under the influence of alcohol to a degree that rendered him incapable of driving safely. One essential element of the Commonwealth's case was not proven: that, *at the time he was operating the vehicle*, Mahaney was so impaired as to violate the statute. The Commonwealth was unable to prove beyond a reasonable doubt, either directly or by permissible inference, the necessary relation between when Mahaney was driving and when he consumed the alcohol.

Mahaney did not challenge the admissibility of his pre-Miranda admission that he was operating the vehicle at the time of the accident nor his post-arrest statement that he had been drinking, thereby waiving these issues for purposes of appeal. We note, however, that until the Commonwealth established the commission of a crime through independent evidence, Mahaney's admissions could not have been used against him. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). In a similar case factually distinguishable from the case at bar, *Commonwealth v. DeLeon*, 276 Pa.Super. 36, 419 A.2d 82 (1980), the admission of such statements was the dispositive issue. Unlike *DeLeon*, the facts in this case do not strongly support the inference of an unlawful act as opposed to an accident. I question whether the Commonwealth was able to make out a prima facie case without using Mahaney's admissions.

However, in the posture before us on appeal, I have no doubt that the Commonwealth was unable to prove the crime charged beyond a reasonable doubt.

The majority correctly notes that circumstantial evidence is sufficient for a criminal conviction. Inferences are circumstantial evidence. However, inferred facts must follow *beyond a reasonable doubt* from proven facts. *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1979). In this case there are too many variables and too few corroborating facts in the evidence to support the inferences necessary to a verdict for the Commonwealth. Mahaney's conviction rests on an inference that he was intoxicated at the time he was driving the car, specifically at the time of the accident. However, the facts proven do not lead inescapably to this inference and, in fact, do not support it. Therefore, it was not possible for the jury to convict Mahaney beyond a reasonable doubt.

The Commonwealth proved that the accident had occurred by 1:56 a.m. and that it was unlikely to have occurred earlier than midnight. There were no witnesses to the accident or to the manner in which the car was operated. Mahaney admitted to driving the vehicle at the time it was involved in the accident, thus satisfying the first element of the crime. He further admitted that he had consumed two scotches with dinner at approximately 6:30 the previous evening. A blood test taken at 4:00 a.m. showed a blood alcohol level of .17 percent which the Commonwealth's expert equated with consumption of five to nine ounces of alcohol. It was the expert's testimony that a blood alcohol level of .17 percent would render the operation of a motor vehicle unsafe. Mahaney did not dispute that he was intoxicated at 2:00 a.m. The foregoing comprised all of the relevant direct evidence presented by the Commonwealth.

The record supports a finding that the accident occurred sometime after the post-midnight patrol of Officer McGinley and before 1:56 a.m. when McGinley was called to the scene. The majority finds an inference that the accident happened shortly before McGinley's arrival and bases this

on two facts: that the highway on which the accident happened was routinely patrolled and that debris remained in the roadway. However, this inference does not follow from the evidence. Officer McGinley, whose job included the routine patrolling of that roadway on the evening in question, made *only one* pass down the highway, shortly after midnight. There is no indication in the record as to any other patrolling done by any other officer or department. Therefore, if the highway was "routinely patrolled", the record shows that routine to have encompassed at least a two hour time frame. Further, since it is the police investigating an accident who arrange for accident debris to be removed, the fact that debris remained until after police arrived is not remarkable and only further weakens the argument that the highway was routinely patrolled. Neither of these facts cited by the majority, nor the inference claimed as arising from them, do anything to narrow the nearly two hour range of time established by the record during which the accident could have happened.

To leap from this point to a finding that the issue of whether Mahaney was under the influence while he was operating the automobile is one of credibility effectively substitutes a determination of credibility for proof beyond a reasonable doubt. To say, as the majority does, that "there was expert medical testimony consistent with a jury finding that appellant *could have been* under the influence of alcohol as early as 12:00 midnight" (emphasis added) evidences speculation, not inference, and cannot legally support a finding of guilt where neither physical condition at the critical time nor the time of the violative act is proven beyond a reasonable doubt. Similarly, the inference of intoxication the majority claims, without citing any support, from the "mere occurrence of appellant's accident" is not based on proven facts. To find these sufficient to meet the requisite standard of proof in a criminal matter is to improperly raise a determination of credibility coupled with an arguably questionable permissible inference to the level of conclusive proof and relieve the Commonwealth of its burden.

It is undisputed that Mahaney did not drink after 2:00 a.m. and, therefore, according to the rate of dissipation of approximately .02 percent per hour testified to by the expert, the Commonwealth in entitled to the inference that Mahaney's blood level at 2:00 a.m. was at or about .21 percent. Again according to the expert's testimony, the two scotches with dinner would have been completely dissipated by 12:30 p.m. and could not have accounted for any part of Mahaney's blood alcohol level at 2:00 a.m.[1] Therefore, the Commonwealth proved by inference no more than the fact that Mahaney consumed more alcohol than the admitted two scotches with dinner. Mahaney confirmed this in his testimony that after the accident and while waiting for help, he consumed four and one-half twelve ounce beers given to him by a friend whose help he sought following the accident. This friend corroborated Mahaney's testimony by confirming that he gave Mahaney the beer after the accident and that Mahaney was not intoxicated when he came to the door shortly after the accident.

While the jury, as it was free to do, obviously did not believe Mahaney's testimony that he drank *after* the accident, the Commonwealth relied solely on Mahaney's admissions and produced *no* evidence to show that he consumed any alcohol at any time. Consumption of the admitted number of beers on an empty stomach would, according to the expert, result in a rapid absorption which would be complete within two hours. Therefore, if the jury accepted Mahaney's admission of that consumption as it apparently did, it must follow that without knowing *when* he drank, it was impossible for the jury to allow for any attendant *rise*

1. Accepting the expert's testimony that .17 percent represented five to nine ounces of alcohol and assuming that one scotch contained one ounce, each of the drinks Mahaney admitted having earlier in the evening would have increased his blood alcohol level between .018 percent and .034 percent when fully absorbed. On a full stomach, such as Mahaney would have had after dinner, these drinks would have been fully absorbed by 10:00 p.m. when his blood alcohol level would have ranged between .036 percent and .068 percent. Using a factor of .02 percent dissipation per hour, Mahaney's blood alcohol level attributable to these drinks at midnight could have been no more than .008 percent.

in blood alcohol level that might have accounted for some part of the inferred .21 percent level at 2:00 a.m.

In my dissent in *Commonwealth v. Slingerland,* 358 Pa.Super. 531, 518 A.2d 266 (1986), I observed:

> [B]ecause of the "commonly known fact that the percent of blood alcohol is not static but varies constantly according to the time elapsing after initial ingestion," *Commonwealth v. Kostra,* 349 Pa.Super. 89, 99–100, 502 A.2d 1287, 1292 (1985), there was no reliable way for the jury to determine beyond a reasonable doubt from the test results what the defendant's blood-alcohol level was when he drove. *Id.,* 358 Pa.Superior Ct. at 537, 518 A.2d at 269.

Here, as in *Slingerland,* "no one observed the defendant driving and the only evidence pertaining to that time period was the fact that he had an accident, which by itself was not sufficient to relate his blood-alcohol level back to the time of operation." *Id.,* 358 Pa.Superior Ct. at 540, 518 A.2d 271 (Cirillo, P.J., dissenting). See also *Commonwealth v. Griscavage,* 336 Pa.Super. 141, 485 A.2d 470 (1984); *Commonwealth v. Arizini,* 277 Pa.Super. 27, 419 A.2d 643 (1980).

The Commonwealth proved only that his blood alcohol level two or more hours after the the accident was sufficient to impair his driving *had he been operating a motor vehicle at that time.* The Commonwealth did not use its expert to show the probable level of intoxication at any time other than 4:00 a.m.; therefore, Mahaney's probable level of intoxication during the range of time established for the accident was not only not proven, there was no evidence offered on that point. Proof of his level of intoxication at the time of investigation is not proof beyond a reasonable doubt of his intoxication at the time he was driving.

Unlike the situation in *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986), there is in this case no strong contemporaneous evidence corroborating the defendant's operation of the vehicle while intoxicated. This fallacy in the Commonwealth's case is fatally compounded by

the Commonwealth's failure to prove *when* the accident happened. This is the only point at which Mahaney's condition is relevant and, since no more than a range of time was established, it was impossible to conclude beyond a reasonable doubt that Mahaney was sufficiently impaired at the critical time.

The Commonwealth offered no corroborating evidence that would entitle it to the inference that Mahaney drank *before* driving. *Commonwealth v. Bruder*, 365 Pa.Super. 106, 528 A.2d 1385 (1987) (allocatur pending). Similarly, there are no proven facts from which it can, beyond a reasonable doubt, be inferred that Mahaney was intoxicated *when the accident happened.* This is pure speculation and is an improper basis for the jury's verdict. A verdict may not be supported where the jury must guess at any essential fact in favor of a party having the burden of proving it. *DiGiannantonio v. Pittsburgh R. Co.*, 402 Pa. 27, 166 A.2d 28 (1960); *Cuthbert v. Philadelphia*, 417 Pa. 610, 209 A.2d 261 (1965). This is especially true where the burden of proof is greater than by the preponderance of evidence. *Koeune v. State Bank of Schuylkill Haven*, 134 Pa.Super. 108, 4 A.2d 234 (1939).

The circumstantial evidence presented in this case proves only appellant's intoxication at the time of investigation, which Mahaney freely admits, not at the time of the accident. The range of approximately two hours established by the Commonwealth for the occurrence of the accident required the jury to guess as to an essential element of the Commonwealth's case, namely, whether appellant was under the influence while he was operating the vehicle. The fact that the jury disbelieved Mahaney's testimony and that of his friend does not prove beyond a reasonable doubt that appellant was sufficiently impaired before the accident.

Contrary to the standard in *Commonwealth v. Arizini*, 277 Pa.Super. 27, 419 A.2d 643 (1980), cited by the trial court, the nexus between consumption of alcohol and operation of the vehicle required to support a violation of 75 Pa.C.S. § 3731(a)(1) was not established in this case. The

Commonwealth proved conclusively only that Mahaney was too intoxicated at the time of the *investigation* to drive safely. However, since the Commonwealth had the burden of proving that *while he was operating* the vehicle Mahaney was under the influence of alcohol to a degree that rendered driving unsafe, in order to do so it must prove, beyond a reasonable doubt, when he was driving. The majority's conclusion that the Commonwealth was entitled to the inference that Mahaney was driving while intoxicated clearly reaches well beyond the proven facts and logical inferences therefrom.

Without proving either the time of consumption or the time of operation, the Commonwealth could not prove beyond a reasonable doubt the second element of the offense charged. Even viewed in the light most favorable to the Commonwealth, the evidence in this case is just as consistent with innocence as it is with guilt. Because the Commonwealth could show only that the accident occurred between midnight and 2:00 a.m. and because it could not prove, even by inference, at what point in time Mahaney was drinking, nor how intoxicated he might have been at any given point within that time period, the Commonwealth's burden was not satisfied and the conviction should be reversed.