J-S84024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER SHAKESPEARE | |
| Appellant | No. 511 EDA 2016 |

Appeal from the Judgment of Sentence Dated February 4, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003751-2015

BEFORE: OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 21, 2016**

Appellant Christopher Shakespeare appeals the February 4, 2016 judgment of sentence imposed following his conviction of two counts of driving under the influence of alcohol. Appellant challenges the sufficiency and weight of the evidence. We affirm.

On December 23, 2014, at approximately 3:30 p.m., Appellant rear-ended a white car driven by Cheryl Ayares on Route 202 in the State of Delaware. Before the collision, Ayares noticed that Appellant was driving erratically. After the collision, Appellant got out of his car and approached Ayares. As he stood near her car, Appellant slurred his speech and swayed. Based on her experience and her observations of Appellant, Ayares believed

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant was intoxicated. Appellant said to Ayares, "Yeah, I'm drunk." Ayares responded, "We'll let the police determine whether you're drunk or not when they get here." Appellant then returned to his car and drove away. Ayares noted Appellant's license plate and gave that information to the police. *See* Trial Ct. Op., 5/19/16, at 4; N.T. 12/17/15, at 9-24.

Based on information Ayares provided, State Trooper Stephanie Waskiewicz was dispatched to Appellant's house in Delaware County, Pennsylvania. She arrived at approximately 5:15 p.m. She saw Appellant's SUV in his garage and noticed white paint transfer on the front passenger-side bumper. *See* Trial Ct. Op. at 4; N.T. 12/17/15, at 50-53.

Approximately five minutes after arriving at the house, Trooper Waskiewicz spoke to Appellant. She noticed that Appellant's eyes were bloodshot and glassy, and she smelled alcohol on Appellant's breath and person. Appellant was slurring his speech and swaying. When Trooper Waskiewicz asked about the accident, Appellant became belligerent and loud. Based on her training and experience, the trooper believed Appellant was so intoxicated that he was unable to operate a vehicle safely. When she asked Appellant about his driving that day, he admitted that he worked in Delaware and had driven home by taking Route 202 to Route 100 and then taking Smith Road into Pennsylvania. *See* Trial Ct. Op. at 5-6; N.T. 12/17/15, at 54-58, 62. Appellant said he had drunk one beer after he arrived home. N.T. 12/17/15, at 56.

At approximately 5:21 p.m., Appellant told Trooper Waskiewicz that he had been home for approximately 45 minutes to an hour. Trooper Waskiewicz called Trooper Gibson and asked him to bring a portable breath test (PBT). Trooper Gibson arrived at approximately 5:45 p.m. and administered the PBT, which tested positive for alcohol. At that point, Appellant became very agitated and had to be restrained. Trial Ct. Op. at 5; N.T. 12/17/15, at 58-60, 69.

Appellant was arrested, handcuffed, and transported to Riddle Memorial Hospital, where he consented to a blood draw. Testing of the blood sample revealed a blood alcohol content (BAC) of 0.123%. Trial Ct. Op. at 5; N.T. 12/17/15, at 60-62; Exhibit C-1 (stipulation to lab report).

After a non-jury trial on December 17, 2015, Appellant was convicted under two provisions of the Vehicle Code prohibiting driving under the influence of alcohol, 75 Pa. C.S. § 3802: Section 3802(a)(1), which prohibits driving after imbibing sufficient alcohol to cause general impairment, and Section 3802(b), which prohibits driving after imbibing sufficient alcohol to cause a high blood alcohol content. Appellant was also convicted of disorderly conduct (18 Pa.C.S. § 5503). On January 27, 2016, Appellant filed a post-trial motion challenging the sufficiency and weight of the evidence. On February 4, 2016, after a hearing, the trial court granted the motion with respect to disorderly conduct, and denied it with respect to the two DUI offenses. That same day, the court sentenced Appellant to 48

J-S84024-16

hours to six months in Delaware County prison and 64 hours of community

service.[1]  On February 10, 2016, Appellant filed a timely notice of appeal.

In this appeal, Appellant raises the following issues, as stated in his

brief:

    I.     DID THE TRIAL COURT ERR IN FINDING DEFENDANT GUILTY OF VIOLATING 75 Pa.C.S.A. § 3802(b) BEYOND A REASONABLE DOUBT WHERE THE EVIDENCE PRESENTED BY THE COMMONWEALTH WAS INSUFFICIENT AND/OR AGAINST THE WEIGHT OF THE EVIDENCE?

    II.    DID THE TRIAL COURT ERR IN FINDING DEFENDANT GUILTY OF VIOLATING THE PENNSYLVANIA MOTOR VEHICLE CODE 75 Pa.C.S.A. § 3802(a)(1) BEYOND A REASONABLE DOUBT WHEN THE EVIDENCE PRESENTED BY THE COMMONWEALTH WAS INSUFFICIENT AND/OR AGAINST THE WEIGHT OF THE EVIDENCE?

Appellant's Brief at 4.

While Appellant presents two issues corresponding to the two crimes

of which he was convicted, each of Appellant's issues contains two separate

claims: a weight of the evidence claim and a sufficiency claim.

As the Supreme Court of Pennsylvania has explained:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material

_____

[1]  The two DUI offenses merged for sentencing purposes.

- 4 -

element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (citations, quotation marks, and footnote omitted).

## Sufficiency of the Evidence

Because Appellant's sufficiency arguments go to the legal question whether he could be convicted of the charged offenses, we address those questions first.

We apply the following standard of review:

When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every element of the offense beyond a reasonable doubt. The fact-finder is free to believe all, part, or none of the evidence presented. This Court may not substitute its judgment for that of the fact-finder, and if the record contains support for the verdict, we may not disturb the verdict.

*Commonwealth v. Goins*, 867 A.2d 526, 527-28 (Pa. Super. 2004) (citations omitted).

## 75 Pa.C.S. § 3802(a)(1)

Subsection 3802(a)(1) of the Vehicle Code provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). The Supreme Court of Pennsylvania has explained:

[S]ubsection 3802(a)(1) is an "at the time of driving" offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol.

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009) ("*Segida II*").

The Court also noted:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests;

demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

*Id.*

In *Segida*, the defendant was involved in a one-car accident. An officer responding to the scene of the accident smelled alcohol on Segida's person. Segida admitted that he had been drinking and was driving home when the accident occurred. He failed three field sobriety tests. The police then transported him to the hospital, where a blood test revealed a BAC of 0.326%. Segida was convicted of DUI – general impairment (§ 3802(a)) and DUI – highest rate of alcohol (§ 3802(c)). On appeal, this Court held that the evidence was insufficient to support either conviction. With regard to Subsection 3802(a), this Court held that the Commonwealth was required to prove that Segida was impaired at the time he was driving, and had failed to do so. *Commonwealth v. Segida*, 912 A.2d 841, 847-50 (Pa. Super. 2006) ("*Segida I*"), *vacated*, 985 A.2d 871 (Pa. 2009).

The Commonwealth appealed with respect to the Subsection 3802(a) conviction only. The Supreme Court of Pennsylvania agreed with this Court that Subsection 3802(a) was an "at the time of driving" offense, but held that the circumstantial evidence was sufficient to support Segida's conviction. *Segida II*, 985 A.2d at 873, 879-80. The Court emphasized Segida's admission that he had been drinking and was driving home when he lost control of the car; the odor of alcohol on Segida's person; Segida's

inability to complete sobriety tests; the extremely high level of alcohol in Segida's blood; and the investigating officer's testimony that, based on traffic conditions, it was unlikely that the accident had occurred more than ten minutes prior to his arrival. *Id.* at 880.

In this case, Appellant argues that there was insufficient evidence to prove that he was intoxicated ***at the time*** he drove his vehicle in Pennsylvania. He notes that, in contrast to the facts of ***Segida***, there were no field sobriety tests performed here, he did not admit to consuming alcohol before driving, his BAC was lower than Segida's, and he claimed to have consumed one beer after driving. Appellant's Brief at 19. He also argues that "all of the evidence which was presented by the Commonwealth has to do with observations made by Trooper Waskiewicz at some time long after the alleged operation of the vehicle." ***Id.*** at 20.

Although the facts of this case differ from ***Segida*** in some respects, we hold that there was sufficient circumstantial evidence to support Appellant's conviction. Notably, the Court in ***Segida II*** did not hold that every piece of evidence in that case is required in all other Subsection 3802(a)(1) cases. Instead, the Court recognized that the proof in each case differs. ***See Segida II***, 985 A.2d at 879 (Subsection 3802(a)(1) "does not limit the type of evidence that the Commonwealth can proffer to prove its case"). Here, Ayares testified that she saw Appellant driving erratically before he rear-ended her car at approximately 3:30 p.m. on Route 202 in

Delaware. She also testified that immediately after the accident, Appellant slurred his speech, swayed, and said "Yeah, I'm drunk." After Ayares mentioned the police, Appellant fled the scene of the accident. *See* Trial Ct. Op. at 4; N.T. 12/17/15, at 9-23.[2] When Trooper Waskiewicz spoke to Appellant at his house at around 5:20 p.m., Appellant told her that he had driven to his Pennsylvania home from Delaware after work that day by way of Route 202, arriving home between 4:21 and 4:36 p.m. Trooper Waskiewicz noticed that Appellant's eyes were bloodshot and glassy, he smelled of alcohol, and he was swaying. When asked about the accident, Appellant became belligerent and loud. The PBT administered by Trooper Gibson tested positive for alcohol. Subsequently, Appellant became very agitated and had to be physically restrained. *See* Trial Ct. Op. at 4; N.T. 12/17/15, at 53-62, 69-70. Based on the above evidence, the trial court could find that Appellant was intoxicated to the point of being unable to safely operate his vehicle at the time he drove in Pennsylvania.

The differences between this case and ***Segida*** do not undermine Appellant's conviction. For example, unlike in ***Segida***, there was no

_____

[2] Appellant argues that Ayares' testimony regarding his behavior in Delaware "is irrelevant with regard to any time driving in Pennsylvania." Appellant's Brief at 15. We disagree. Considering Appellant's admission that he drove to his Pennsylvania home from Delaware by way of Route 202 and returned home approximately one hour after the accident, his conduct at the scene of the accident, immediately before he drove to his Pennsylvania home, is relevant circumstantial evidence.

evidence in this case of failed sobriety tests. However, there was evidence that the reason sobriety tests were not performed was Appellant's refusal to cooperate with the police. N.T. 12/15/17, at 57. Further, while Appellant argues that, unlike Segida, he did not admit to drinking before driving, he did say to Ayares "I'm drunk," before getting in his car and driving from the scene of the accident to his home. *Id.* at 19. Although Appellant's BAC was lower than Segida's, Section 3802(a)(1) does not require any BAC evidence. *See Segida II*, 985 A.2d at 879. And although Appellant, unlike Segida, contended that he consumed alcohol after driving,[3] the trial court was not required to believe Appellant's statement. *See Commonwealth v. Mahaney*, 540 A.2d 556, 559 (Pa. Super. 1988) (jury was aware of Mahaney's contention that he became intoxicated after driving and was free to disbelieve it), *appeal denied*, 551 A.2d 214 (Pa. 1988). In sum, we hold that the circumstantial evidence in this case was sufficient to prove that Appellant drove in Pennsylvania while incapable of safely operating his vehicle due to alcohol consumption.

75 Pa.C.S. § 3802(b)

Appellant also claims that the evidence was insufficient to establish that he violated 75 Pa.C.S. § 3802(b), which provides:

_____

[3] Trooper Waskiewicz testified that Appellant first told her that he had not consumed any alcohol, and later changed his response. N.T. 12/17/15, at 56.

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

Proof of the alcohol concentration level normally requires that a blood test be taken within the two-hour period, but the statute provides the following exception:

Notwithstanding the provisions of subsection (a), (b), (c), (e) or (f), where alcohol or controlled substance concentration in an individual's blood or breath is an element of the offense, evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances:

(1) where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours; and

(2) where the Commonwealth establishes that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained.

75 Pa.C.S. § 3802(g).

In **Segida I**, this Court held that the evidence was insufficient to establish a violation of 75 Pa.C.S. § 3802(c) (highest rate of alcohol)[4] where

_____

[4] Subsection 3802(c) is similar to Subsection 3802(b), except that it requires a BAC of 0.16% or greater within two hours of driving, rather than a BAC of at least 0.10% and less than 0.16%.

the Commonwealth did not establish the time when Segida's blood was drawn or when he last drove his vehicle. *See Segida I*, 912 A.2d at 846. Our *Segida I* opinion did not address the Section 3802(g) "good cause" exception, however. Recently, we addressed the exception in *Commonwealth v. Eichler*, 133 A.3d 775 (Pa. Super. 2016), *appeal denied*, No. 315 WAL 2016 (Pa. Nov. 22, 2016). In *Eichler*, the defendant hit a pedestrian while driving and then left the scene. *Id.* at 782. The accident occurred shortly before 6:00 p.m. *Id.* at 780-81. At the scene of the crash, the police were able to ascertain the color, make, and serial number of the vehicle involved, and they determined that Eichler, who lived nearby, owned the same type of vehicle. *Id.* at 781. Officers arrived at Eichler's house less than ninety minutes after the accident and found him in a highly intoxicated state. *Id.* at 777. Eichler was transported to the hospital, where his blood was drawn at 8:12 p.m. *Id.* at 782. His BAC was 0.30%. *Id.* at 791. We held that notwithstanding the more than two-hour span between the blood draw and the time Eichler last drove his car, there was sufficient evidence to support a conviction under 75 Pa.C.S. § 3802(c):

> [T]he evidence satisfies the good cause exception under section 3802(g), because [Eichler's] flight from the accident scene, and the consequential delay in finding him, constituted good cause for the failure to obtain his blood test, and the Commonwealth demonstrated at trial that he did not imbibe alcohol between the time of his arrest and the time of the blood draw.

*Id.*

In this case, Appellant argues that, as in **Segida I,** the evidence was insufficient to convict him because the Commonwealth did not prove either the time of operation of the vehicle or the time of the blood draw.[5] Appellant's Brief at 16. The Commonwealth responds that it did establish the required timeline, but concedes that Appellant's blood was not drawn within the two-hour window. The Commonwealth contends instead that its proof was sufficient to satisfy the good cause exception in Section 3802(g). Appellee's Brief at 21-24.[6]

The trial court did not state whether it based Appellant's conviction on a blood draw taken within two hours of Appellant's driving under Section 3802(b), or on the exception to the two-hour requirement in Section 3802(g).[7] Our review of the record makes clear, however, that the blood draw was not taken within two hours of Appellant's driving and that the

_____

[5] Appellant does not contest that his BAC was above 0.10%.

[6] Remarkably, Appellant did not discuss Section 3802(g) in his brief and did not file a reply brief responding to the Commonwealth's Section 3802(g) argument.

[7] The trial court clearly considered Section 3802(g), and that provision was subject to extensive discussion during proceedings on Appellant's post-trial motion. At the hearing on that motion, Appellant argued that the Commonwealth failed to satisfy Section 3802(b)'s two-hour requirement. N.T. 2/4/16, at 4. The Commonwealth responded by relying on the Section 3802(g) exception. **Id.** at 11-12. Appellant contended that Section 3802(g) should not apply because he drank a beer after he drove home. **Id.** at 16. At the conclusion of the hearing, the trial court denied the post-trial motion, thereby rejecting Appellant's arguments.

conviction therefore could not properly be based on compliance with the two-hour requirement. Instead, the conviction may be upheld only if the Commonwealth's evidence was sufficient to prove the elements of Section 3802(g). Based on our *de novo* review of the entire trial record, we conclude that the evidence was sufficient to satisfy those elements of Section 3802(g).

Before reviewing the evidence, we note that the trial court's failure to specify whether it convicted Appellant under Section 3802(b)'s two-hour requirement or Section 3802(g)'s exception to that requirement does not prevent us from making a sufficiency-of-the-evidence determination. Sufficiency of the evidence is a question of law, which we resolve *de novo* regardless of the trial court's specification of its legal theory. **See Commonwealth v. Haughwout**, 837 A.2d 480, 487 n.11 (Pa. Super. 2003) (trial court's failure to address issue in its opinion did not hamper appellate review because, in deciding issues of law, appellate court need not defer to conclusions of trial court); **United Coal & Commodities Co. v. Hawley Fuel Coal, Inc.**, 525 A.2d 741, 743 (Pa. Super. 1987) (upholding jury verdict notwithstanding trial court opinion's lack of discussion of question of law), **appeal denied**, 536 A.2d 1333 (Pa. 1987). Indeed, where the trial court does not issue a Pa. R.A.P. 1925(a) opinion explaining the reasons for its order, an appellate court may resolve questions of law without remanding for further explanation of the trial court's ruling. **Otte v.**

*Covington Township Road Supervisors*, 650 A.2d 412, 414 (Pa. 1994);

*Commonwealth v. Hall*, 867 A.2d 619, 640 (Pa. Super. 2005) ("even if the

trial judge failed to provide a 1925(a) opinion we would still be within our

rights not to order a remand" (citation and internal quotation marks

omitted)), *appeal denied*, 895 A.2d 549 (Pa. 2006); *Lemon v.*

*Commonwealth Dep't of Transp.*, 763 A.2d 534, 538 (Pa. Cmwlth. 2000)

(stating remand unnecessary where "the record in this matter is sufficient

for appellate review; all the issues raised are issues of law; and we may

affirm if Common Pleas' order can be upheld on any ground").[8]  We

therefore are free to determine whether, as a matter of law, the evidence

was sufficient to convict Appellant under either the two-hour requirement or

the exception to that requirement.

The evidence did not establish that the blood draw was made within

two hours of when Appellant last operated his vehicle, as required by Section

3802(b).  The trial found that Appellant last operated his vehicle at

approximately 4:36 p.m.  Trial Ct. Op. at 5.  That finding was supported by

Trooper Waskiewicz's testimony that, at approximately 5:21 p.m., Appellant

told her he had arrived at home 45 minutes earlier.  N.T. 12/17/15, at 58-

---

[8] Although "a decision of the Commonwealth Court is not binding precedent upon this Court," it can be considered persuasive authority.  *Holland v. Marcy*, 817 A.2d 1082, 1083 n.1 (Pa. Super. 2002) (*en banc*), *aff'd*, 883 A.2d 449 (Pa. 2005).

59.[9]   Appellant calls this testimony "hearsay," but never argued it was inadmissible.   Indeed, the statement fell within the exception to the rule against hearsay for statements by an opposing party.   **See** Pa.R.E. 803(25). Appellant appears to argue that the trial court should not have believed Trooper Waskiewicz's statement, but because the statement was properly admitted, it was for the factfinder to determine the weight it should be given.  **Commonwealth v. Stickle**, 398 A.2d 957, 965 n.2 (Pa. 1979).

Trooper Waskiewicz testified that the blood draw took place at 6:42 p.m.  N.T. 12/17/15, at 79.  Appellant notes that this testimony was not mentioned in the trial court opinion and was not elicited by the Commonwealth, but rather was given during his attorney's cross-examination of Trooper Waskiewicz.  Appellant's Brief at 14, 16.  However, in reviewing the sufficiency of the evidence, we review the entire trial record.  **Commonwealth v. Johnson**, 985 A.2d 915, 920 (Pa. 2009), **cert. denied**, 562 U.S. 906 (2010).  Thus, we are not limited to considering only the evidence specifically cited in the trial court's opinion or elicited by the Commonwealth.  **See generally Commonwealth v. Nelson**, 467 A.2d 638, 641 (Pa. Super. 1983) ("we may affirm where our review, limited to the

---

[9]  On cross-examination, Trooper Waskiewicz stated that Appellant said he returned home 45 minutes to one hour earlier.  N.T. 12/17/15, at 69.  The trial court apparently adopted the 45-minute estimate, which it was free to do.  The result would not change if it adopted the one-hour estimate.

trial record itself, discloses that the evidence is, in fact, sufficient"). In addition, Appellant calls the testimony regarding the time of the blood draw "vague." Appellant's Brief at 16. Based on our review of the testimony, we disagree with Appellant's characterization and conclude that the trial court was free to rely on that testimony to establish the time of the blood draw.

The evidence thus established that the time between when Appellant last operated his car (4:36 p.m.) and when the blood draw occurred (6:42 p.m.) was at least two hours and six minutes and, therefore, exceeded Section 3802(b)'s two-hour requirement. The conviction therefore may be affirmed only if the evidence presented at trial was sufficient to satisfy the exception in Section 3802(g).

To meet the exception in Section 3802(g), the Commonwealth must establish two requirements. The first is that the Commonwealth had good cause for taking more than two hours to obtain the blood draw. 75 Pa.C.S. § 3802(g)(1). Here, as in *Eichler*, the Commonwealth proved at trial that Appellant fled the scene of a car accident. N.T. 12/17/15, at 19-20. This flight, and the consequential delay in finding Appellant, provides good cause for the Commonwealth's delay under Section 3802(g)(1). *See Eichler*, 133 A.3d at 791.

Section 3802(g)'s second requirement is "that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained." 75 Pa.C.S.

§ 3802(g)(2). There was no evidence that Appellant imbibed alcohol after he was arrested, and Appellant has never made such a contention. At trial, the Commonwealth established that after Appellant was arrested, he was handcuffed, placed in the back of a patrol car, and driven to the hospital where his blood was drawn. N.T. 12/17/15, at 60-62. That evidence was sufficient to enable the trial court to find that Appellant was unable to consume alcohol during this time. *See Goins*, 867 A.2d at 527 (in reviewing the sufficiency of the evidence, this Court must view the evidence and all reasonable inferences in the light most favorable to the Commonwealth). The evidence therefore was sufficient to establish the second element of Section 3802(g).

Our review of the record therefore convinces us that the evidence was sufficient to satisfy the good cause exception in Section 3802(g), and, therefore, to prove a violation of 75 Pa.C.S. § 3802(b) on the basis of that exception. Accordingly, we reject Appellant's insufficiency argument.

### Weight of the Evidence

Based on the same arguments he made with respect to the sufficiency of the evidence, Appellant also claims that the verdict was contrary to the weight of the evidence. Because Appellant makes no separate argument to support his weight claims, those claims are arguably waived. *See Commonwealth v. Birdseye*, 637 A.2d 1036, 1039-40 (Pa. Super. 1994) (noting distinction between sufficiency and weight claims and deeming

weight claim waived for failure to present separate argument), *aff'd*, 670 A.2d 1124 (Pa. 1996), *cert. denied*, 518 U.S. 1019 (1996).

In any event, Appellant's claims that the verdict was contrary to the weight of the evidence are meritless. A court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice, such that "right must be given another opportunity to prevail." *Commonwealth v. Foster*, 764 A.2d 1076, 1083 (Pa. Super. 2000), *appeal denied*, 782 A.2d 542 (Pa. 2001). "The evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 125 (Pa. 2005), *cert. denied*, 547 U.S. 1045 (2006). In addition, where the trial court has ruled on the weight claim below, an appellate court's role is not to make its own analysis of the evidence's weight. "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003), *cert. denied*, 541 U.S. 1045 (2004). After a thorough review of the record in this matter, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for a new trial. We agree with the trial court that "[t]here is nothing in the record to support that the fact-finder's verdict is so

contrary to the evidence that it shocks one's sense of justice." Trial Ct. Op. at 7.

Accordingly, Appellant is not entitled to relief on his sufficiency and weight claims, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016