J-S29028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN SHIPLEY | : | |
| | : | |
| Appellant | : | No. 2480 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007834-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 06, 2019**

John Shipley appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after he was convicted in a nonjury trial of driving under the influence of alcohol.[1]  Shipley argues the evidence was insufficient to find him guilty.  Upon careful review, we affirm.

The trial court set forth the facts of this case as follows:

Captain Marilyn Lee has been employed with the City of Chester Police Department as the Captain of the Nightshift Patrol for the past 24 years.  During the course of her training and employment, Captain Lee has come into contact with individuals under the influence of alcohol, and has previously made several DUI arrests.  When determining whether an individual is under the influence of alcohol, Captain Lee looks for slurred speech, glazed eyes, staggering, and failure to comprehend instructions.

On the morning of November 26, 2016, Captain Lee was on nightshift patrol in Chester; at approximately 5:00 a.m., she was patrolling the area of 12th and Edgemont in Chester City, Delaware

_____

[1] 75 Pa.C.S. § 3802(a)(1).

County. During her patrol, Captain Lee observed a truck on Providence Avenue slowly drifting into oncoming traffic, and eventually hit the concrete barrier just before the I-95 entrance ramp. When Captain Lee approached the vehicle, she immediately recognized Defendant John Shipley, as she has known [him] all her life. Captain Lee observed that [Shipley's] head was down, as if he were asleep or unconscious, so she went to the driver's side door and attempted to []rouse him. Captain Lee noticed that [Shipley] was groggy and disoriented when awakened.

Captain Lee asked [Shipley] to turn the car off all together because it was still running; instead, [Shipley] put the car in reverse, backed up, and turned onto Edgemont Avenue towards his residence on Providence Avenue. Captain Lee subsequently followed the vehicle to [Shipley's] residence. When [Shipley] exited the vehicle, Captain Lee could smell the odor of alcohol emanating from his person. Captain Lee has previously observed [Shipley] when he was both sober and intoxicated, and believed [Shipley] was intoxicated on the morning of November 26, 2016, to the point where he could not safely operate a motor vehicle. Due to [Shipley] falling asleep at the wheel, not being able to wake himself, and being abruptly []roused by someone else and acting disoriented, Captain Lee determined that it was unsafe for [Shipley] to operate a motor vehicle.

When Captain Lee examined the interior of the vehicle, she observed both open and closed containers of beer. Following her observation of [Shipley,] Captain Lee advised Officer Christopher Senkow of the situation. When Officer Senkow arrived at [Shipley's] residence, he observed that [Shipley] was stumbling and walking away from police. Officer Senkow asked [Shipley] if he had been drinking, and [Shipley] slurred his response and stated 'yes', that he [had] 'maybe more than one beer'. Pennsylvania [s]tate [t]roopers eventually arrived on the scene and attempted to conduct a portable breath test, but [Shipley] failed to follow the [t]roopers directions and was not able to register a reading on the PBT machine. Due to [Shipley's] inability to stand on his own, [trooper's] determined that it was unsafe to perform any field sobriety tests. [Shipley] additionally refused to submit to a blood alcohol test. Following this conduct, Officer Senkow advised [Shipley] that he was under arrest for [d]riving [u]nder the [i]nfluence of alcohol, and for fleeing and eluding police.

Trial Court Opinion, 9/28/18, at 2-3 (citations omitted).

On July 23, 2018, the trial court convicted Shipley of driving under the influence of alcohol and the trial court sentenced him to time served to six months' confinement. Shipley filed a timely notice of appeal on August 21, 2018. Shipley's sole issue on appeal is whether the evidence was sufficient to convict him of driving under the influence. Specifically, he argues that the evidence was insufficient to show he consumed alcohol.

We review his sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Vargas***, 108 A.3d 858, 867-68 (Pa. Super. 2014) (citation omitted).

For the crime of driving under the influence of alcohol, the Commonwealth must prove two elements: "(1) the defendant was operating a motor vehicle, (2) after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely [operating the motor vehicle]." *Commonwealth v. Segida*, 985 A.2d 871, 876 (Pa. 2009) (quoting *Commonwealth v. Kerry*, 906 A.2d 1237, 1241 (Pa. Super. 2006)). Unlike later sections of 75 Pa.C.S. § 3802, section (1)(a) does not limit the type of evidence the Commonwealth may use to prove its case. *Segida*, 985 A.2d at 879.

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include, but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

*Id.* Furthermore, the occurrence of a one-car accident can be used to infer that a defendant was driving under the influence. *See Commonwealth v. Mahaney*, 540 A.2d 556, 559 (Pa. Super. 1988).

Here, Captain Lee saw Shipley drive his car into the concrete barrier before the I-95 entrance ramp. When she approached the vehicle, Shipley put the car in reverse and drove back to his house. Captain Lee witnessed Shipley operating the vehicle, thus, there was sufficient evidence of the first prong, operating a motor vehicle. *See Segida*, 985 A.2d at 876. Next, we must determine if the evidence was

sufficient to show Shipley imbibed enough alcohol to render himself incapable of safely operating a motor vehicle.

Captain Lee testified that Shipley drove off the road, fell asleep at the wheel of the car, took several attempts to awaken, had open containers of alcohol in his vehicle, and smelled of alcohol. Furthermore, Captain Lee had 24 years of experience as captain of the Nightshift Patrol and was familiar with Shipley; she knew how he behaved when he was under the influence of alcohol as well as when he was sober. These facts, combined with the fact that Shipley caused a one-car accident, are sufficient to find Shipley drank enough alcohol to render himself incapable of safely operating a motor vehicle. *See Segida*, 985 A.2d at 889; *Mahoney*, 540 A.2d at 559; *see also Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (evidence may be entirely circumstantial as long as it links accused to crime beyond reasonable doubt). While no blood alcohol test was performed on Shipley, section 3802(a)(1) does not require a specific BAC level like the other subsections of 3802. *See* 75 Pa.C.S. § 3802.[2] We find there was

_____

[2] Shipley testified at trial that he drove erratically as a result of not taking his blood pressure medication and smelled of alcohol because someone spilled beer on him earlier in the evening. However, the judge, sitting as fact finder, "is free to believe all, part or none of the evidence." *Vargas*, 108 A.3d at 868.

sufficient evidence for the fact finder to find Shipley had driven under the influence of alcohol.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/19