652 A.2d 338

COMMONWEALTH of Pennsylvania

v.

Michael E. TRIAL, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 13, 1994.

Filed Dec. 22, 1994.

Samuel K. Gates, Hanover, for appellant.

John W. Thompson, Jr., Asst. Dist. Atty., York, for Com., appellee.

Before ROWLEY, P.J., and CIRILLO and DEL SOLE, JJ.

DEL SOLE, Judge:

Appellant takes this appeal from the mandatory sentence imposed after he was convicted in a non-jury trial of Driving Under the Influence. At question is whether the Commonwealth was able to establish the first requirement of the statute that Appellant was a person who was driving, operating "or in actual physical control of the movement of any vehicle." 75 Pa.C.S.A. § 3731(a). After determining that the facts support the court's finding of guilt and that no legal error was committed, we affirm the Judgment of Sentence.

At trial the Commonwealth established that a police officer arrived at the scene at 3:31 a.m. in response to a radio communication that a vehicle was blocking the intersection of Perry Avenue. The officer testified that Appellant's vehicle was in a diagonal position across Perry Avenue, which is a two lane residential road, and that it was positioned in such a manner that it was blocking the normal course of traffic on that roadway. The officer observed that the parking lights

were on and an individual was slumped over the wheel with his seat belt engaged. The keys were in the ignition of the automobile and were in an "on" position, however the motor was not running. After several attempts at arousing Appellant, the officer propped him against the car, and sought to determine if he could perform any field sobriety tests. When these could not be completed Appellant was placed under arrest for drunk driving and was advised of his rights. Blood tests were performed at a local hospital at 3:55 a.m., which indicated that the ethanol alcohol content of Appellant's blood was .340. Appellant made statements to the police revealing that he had left the Racehorse Tavern at 2:30 a.m. and was traveling to his home on Perry Avenue. He indicated that he had been drinking from 4:00 p.m. until 2:00 a.m. and that he had consumed approximately two six packs of beer.

Appellant argues that under the authority of *Commonwealth v. Price*, 416 Pa.Super. 23, 610 A.2d 488 (1992), the facts did not demonstrate that Appellant was in physical control of the vehicle. He reasons that absent such proof the Commonwealth was unable to establish the *corpus delicti* of the crime, thus the introduction of Appellant's statements to the police should have been prohibited. Appellant further submits that absent his statements the Commonwealth had no evidence of the amount of time Appellant spent in the car and therefore could not relate back Appellant's blood alcohol content to a time when he actually operated the vehicle.

Each of Appellant's claims must fail because they are wrongly based on the premise that *Commonwealth v. Price, Id.* is applicable to this situation. In *Price* a trooper received a report of a car being driven recklessly at a certain location. When the trooper arrived in that area he found a vehicle with a flattened tire and broken wheel rim, which rendered the car immobile. The car was not running and the lights were not on and the keys were not in the ignition. The appellant was observed sitting in the driver's seat and then he was seen leaving the vehicle and opening the trunk. When the trooper observed the appellant's gait, the trooper went over and spoke to him and came to the conclusion that the appellant was

intoxicated. The appellant admitted that the trooper "got me for drunk driving," but at trial he defended himself by testifying that his girlfriend had been driving before the car broke down, and that she had gone down the road to a friend's for assistance leaving the appellant with the car. Based upon these facts the court held that "[m]erely possessing keys while seated in a parked car is not adequate to warrant a finding of actual physical control." *Id.* at 27, 610 A.2d at 490. The court went on "[t]here must be some indicia that the intoxicated person, who was seated in the car, had actual physical control of the vehicle." *Id.*

The instant case differs significantly. Appellant was not merely seated in a parked car with keys in hand. Instead Appellant was seated in the drivers side of his car which was stopped, with its lights on, across a roadway. Appellant's seat belt was in place, and the keys were in the ignition in the "on" position. The officer who testified at trial stated that this was the position the keys would remain in the instance where the car is running or where it stalls. N.T. 11/26/94 at 22. In *Price,* the automobile was inoperable, the lights were off, and the keys were not in the ignition. Thus, while the *Price* court found that the facts of that case did not indicate that the person seated in the parked car had physical control of the vehicle, the differing circumstances of this case warrant a different result. The circumstances of this case clearly support the conclusion that Appellant was in actual physical control of his vehicle.

The *Price* court in reaching its conclusion, made a statement that "[a]t a very minimum, a parked car should be started and running before a finding of actual physical control can be made." *Price* at 27, 610 A.2d at 490. Appellant clings to this statement in hopes of relief, arguing that his parked car was not running, therefore he cannot be found to have control of the vehicle. The problem with this analysis is that *Price* court was speaking to "parked" cars. Appellant's car was not parked. It was stopped in the middle of a roadway, obstructing traffic. Although the motor was not running, the keys were in the ignition in such a manner that it is possible that

the car stalled. Therefore we do not find the statement found in *Price* taken in the context of that case, with its reference to "parked" cars, applicable to the case at hand.

When examining all the facts of the present case it is clear that the Commonwealth established Appellant's physical control of his vehicle. It is equally clear that the proof necessary to establish the *corpus delicti* of the crime was present and the introduction of Appellant's statements to the police were properly admitted into evidence. *See Commonwealth v. Kasunic*, 423 Pa.Super. 112, 620 A.2d 525 (1993); *Commonwealth v. DeLeon*, 276 Pa.Super. 36, 419 A.2d 82 (1980).

■ Finally we readily dismiss Appellant's remaining claim that the Commonwealth failed to meet its burden of proof when it did not offer expert testimony to extrapolate his blood alcohol level to the time he drove the vehicle. First, we note that the record does not reveal that Appellant was convicted of 75 Pa.C.S.A. § 3731(a)(4), driving with a blood alcohol content of .10% or greater. Although Appellant was charged under both § 3731(a)(1), under the influence of alcohol to a degree which renders the person incapable of safe driving, and § 3731(a)(4), the court made a blanket ruling that Appellant was "guilty of driving under the influence of alcohol." No finding was made of Appellant's guilt with respect to the charge relating to his blood alcohol content, therefore, consideration of this claim concerning relation back testimony is not necessary.

■ More importantly however, the Supreme Court of Pennsylvania has just recently ruled that it is not the Commonwealth's burden to offer expert testimony to relate back the driver's blood alcohol content to a time when the vehicle was being driven. The Court in *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994) stated:

Upon consideration of this issue, we find no reason to require the Commonwealth to present an expert witness in these matters. We hold that once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a

*prima facie* case under 75 Pa.C.S. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony.

(538 Pa. at 329 – ——, 648 A.2d 529.)

Based upon the holding in ˙*Yarger*, Appellant's final claim must fail.

Judgment of Sentence affirmed.

ROWLEY, President Judge, concurs in the result.