660 A.2d 105

**COMMONWEALTH of Pennsylvania**

v.

**Robert F. WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued April 20, 1995.

Filed June 13, 1995.

522

W. Patrick Scott, Philadelphia, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com., appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the October 12, 1994 judgment of sentence for driving under the influence of alcohol.[1] Appellant, Robert F. Wilson, asserts the following:

> I. When a person is found intoxicated while sitting in the driver's seat of a stopped automobile without keys, and it is apparent the vehicle was involved in an accident at an unknown previous point in the evening, is the evidence

---

1. 75 Pa.C.S. § 3731(a).

sufficient to establish control of the vehicle for purposes of 75 Pa.C.S.A. § 3731(a)(1)?

Appellant's Brief at 5.

On March 5, 1994, two men travelling on Route 52 in Chester County noticed that there was a vehicle located down over the road's embankment, approximately one hundred (100) yards from the side of the road. When the men approached the car, they found appellant alone, sitting in the driver's seat. Shortly thereafter, Officer Pamela A. Camlin arrived at the scene, and observed appellant slumped over the steering wheel. When Officer Camlin asked appellant if he was alright, appellant became belligerent, telling Officer Camlin that his car had gone airborne and that she had caused it to go airborne. Officer Camlin then placed appellant under arrest for driving under the influence. Afterward, while inspecting the exterior of the car, Officer Camlin found that the hood of the car was still warm.

Following a non-jury trial on September 19, 1994, appellant was convicted of driving under the influence of alcohol. Appellant was then sentenced on October 12, 1994 to forty-eight (48) hours to twenty-three (23) months imprisonment and a fine of three hundred ($300.00) dollars. This timely appeal followed.

Appellant now claims that there was insufficient evidence to establish that he was in actual physical control of the car in order to convict him of DUI. We disagree.

■ Preliminarily, we note that the test for sufficiency of evidence is well established:

[W]hether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt....

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990) (citations omitted).

Pennsylvania statutory law holds:

(a) **Offense Defined.**—A person shall not drive operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving.

75 Pa.C.S. § 3731(a). To convict under this statute, the Commonwealth must prove that: (1) a defendant was driving, operating or in actual physical control of the automobile, and (2) at that time, the defendant was under the influence of alcohol to a degree which rendered him incapable of safe driving. *Commonwealth v. Price,* 416 Pa.Super. 23, 26–27, 610 A.2d 488, 489 (1992). The term "operate" requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion. *Commonwealth v. Bobotas,* 403 Pa.Super. 136, 142, 588 A.2d 518, 521 (1991).

In *Commonwealth v. Trial,* 438 Pa.Super. 209, 652 A.2d 338 (1994), we recently found that the defendant was in actual physical control of the movement of his vehicle where the defendant was found slumped over the steering wheel of his car, which was stopped in a diagonal position across a residential road. Although the car's motor was not running, the defendant's car keys were in the "on" position in the ignition, the parking lights were on, and the defendant had his seat belt strapped around him. The *Trial* panel concluded that the facts indicated that the car had merely "stopped," presumably by stalling, and was not in fact "parked," which would have required a finding that the car was running in order to find actual physical control by the defendant. *See Price,* 416 Pa.Super. at 27–28, 610 A.2d at 490 (intoxicated defendant, who was sitting in driver's seat in immobile car with flattened tire and broken wheel rim, was found not to have actual physical control of car as car was "parked" and not running). Consequently, the *Trial* Court found that the defendant had

actual physical control of the vehicle, and that since he was intoxicated at the time, he was guilty of driving under the influence.

■ Similarly, the facts in the instant case indicate that appellant was in actual physical control of the car. First, appellant was in the driver's seat and alone in the car. *See Trial, supra.* In addition, appellant's car was found on the bottom of an embankment approximately one hundred yards off the side of the road. As there were skid marks from the roadway to where the car was at rest, the evidence indicates that the car was not in fact "parked," but had "stopped" when appellant drove off the road, and got stuck at the bottom of the embankment.[2] N.T. 9/19/94 at 22. *See Trial, supra.* Finally, although it was a cold night, the hood of the car was warm, suggesting that the car had just been driven. *See Commonwealth v. Mahaney*, 373 Pa.Super. 129, 135, 540 A.2d 556, 559 (1988) (debris in routinely patrolled roadway indicated that car accident had just occurred, and allowed court to infer that the defendant, who was intoxicated at scene of accident, was guilty of driving under the influence), *appeal denied*, 520 Pa. 587, 551 A.2d 214 (1988).[3] Consequently, we find that there was sufficient evidence for the trial court to find that appellant was in actual physical control of the vehicle. *See Trial, supra.* Accordingly, as appellant stipulated at trial that he was intoxicated and incapable of safe driving when Officer Camlin saw him in the car, we find that there was sufficient evidence to convict appellant for driving under the influence. *See Mahaney, supra.*

**2.** This conclusion is strengthened by the fact that appellant initially told Officer Camlin that his car had gone airborne.

**3.** While the keys for appellant's car were never found, the trial court simply concluded that appellant tossed them away as the court believed the testimony of one of the Commonwealth's witnesses, who stated that when he first approached the car, he observed appellant put his arm out of the window and pull it back inside the car. N.T. 9/19/94 at 9; *Commonwealth v. Griscavage*, 512 Pa. 540, 546, 517 A.2d 1256, 1259 (1986) (trier of fact may believe all, part or none of the evidence). *See also Hardcastle, supra*, 519 Pa. 236, 546 A.2d 1101.