J-S33004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WAYNE EDWARD CHESS | |
| Appellant | No. 1941 WDA 2015 |

Appeal from the Judgment of Sentence August 25, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0002252-2014

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 09, 2016**

Appellant, Wayne Edward Chess, appeals from the judgment of sentence imposed in the Fayette County Court of Common Pleas following his convictions for two counts of driving under the influence[1] ("DUI"). Appellant argues that the evidence was insufficient to support his convictions and that his sentence was excessive. We affirm.

The trial court summarized the underlying facts as follows:

> On September 10, 2014, Trooper Adam Sikorski was on patrol just after midnight in a marked patrol vehicle when he observed a car stopped in the middle of the roadway. Observing a man urinating on the passenger side of the vehicle, he made a U -turn, activated his lights and pulled in behind the vehicle. As he approached the vehicle, he observed a man move from the driver's seat to the passenger seat. Additionally, Sikorski testified that when

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), (c).

he stepped from his vehicle the engine of the parked car was running and then it stopped running. The Trooper not only identified the man in the vehicle as the Appellant but also testified that Appellant was the only person in the vehicle.

After making contact with Appellant, the Trooper smelled a strong odor of an alcoholic beverage and saw that Appellant's eyes were bloodshot and glassy and that his speech was slurred. He then asked Appellant to exit the vehicle to perform standardized field sobriety tests. In performing each of the tests, Appellant showed signs of impairment. In the opinion of the Trooper, Appellant was incapable of safe driving.

Appellant was then placed under arrest, placed into custody, and transported to the Uniontown Hospital for a blood draw. At the hospital, Appellant agreed to provide a blood sample. Once the blood was drawn, it was placed in a blood kit and entered into evidence. As to the blood of Appellant, counsel for Appellant and counsel for the Commonwealth stipulated that if Stacy Cox from the Pennsylvania State Police Crime Laboratory was called to testify she would be recognized as an expert in the field of blood analysis, that she tested the blood sample at issue, and that the results of the test showed the blood alcohol content to be .177 %.

Upon this evidence, the Appellant was convicted by a jury of his peers of the crimes of DUI: Incapable of Safe Driving and DUI: Highest Rate of Alcohol.

Trial Ct. Op., 1/7/16, at 2-3.

After an August 2015 trial, a jury found Appellant guilty of the above charges. On August 25, 2015, the court sentenced Appellant to two and one-half to five years' imprisonment. Appellant filed a post-sentence motion which the trial court denied. This timely appeal followed. Appellant timely

filed a court-ordered Pa.R.A.P. 1925(b) statement and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant challenges the sufficiency of evidence and the excessiveness of his sentence.[2] With respect to his sufficiency claim, Appellant argues that the evidence presented at trial was insufficient to support his DUI convictions. Appellant specifically avers that the testimony of Pennsylvania State Trooper, Adam Sikorski was not sufficient to establish that Appellant was the operator of the car at issue. Appellant notes that Trooper Sikorski did not observe him operate the car and that another individual in the vicinity could have been the driver. Further, Appellant emphasizes that while he does not contend that he was not intoxicated on the night in question, he did testify at trial to deny that he had been driving. We disagree.

When examining a challenge to the sufficiency of the evidence our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is

---

[2] The Commonwealth has not filed a brief in this case.

so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

Appellant was convicted of DUI under Subsections 3802(a)(1) and (c), which provide:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

* * *

**(c) Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1), (c).

The term "operate" under the DUI code "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." **Commonwealth v. Johnson**, 833 A.2d 260, 263 (Pa. Super. 2003) (citation omitted). We note:

> [A]n eyewitness is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

**Id.** (holding that evidence was sufficient to support defendant's DUI conviction where police officer did not observe defendant driving but did see defendant in close proximity to his car on a travel lane of a public street); **see also Commonwealth v. Lehman**, 820 A.2d 766, 772-73 (Pa. Super. 2003) (holding that the evidence was sufficient to conclude that the defendant was operating a vehicle for purposes of the DUI statute where the intoxicated defendant was found sleeping in the driver's seat of his vehicle with the engine running, parked perpendicular to the roadway); **Commonwealth v. Trial**, 652 A.2d 338, 340 (Pa. Super. 1994) (holding that defendant was operating his vehicle for purposes of the DUI statute when police discovered him intoxicated and slumped over in the driver's seat of a car that was not "on" but keys were in the ignition).

In the case *sub judice*, the trial court found that the totality of the circumstances were sufficient to support the contention that Appellant was

the operator of the vehicle in question. We agree. As noted by the court, Appellant's car was parked in a roadway when Trooper Sikorski observed Appellant behind the driver's seat, admittedly intoxicated. Trial Ct. Op. at 2. The Trooper then saw Appellant move over to the passenger's seat. *Id.* Further, the engine of the car was at least initially running, until it was turned off by the only person in the car, Appellant. *Id.* Viewed in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to prove that Appellant was "operating" the vehicle while intoxicated. *See Johnson*, 833 A.2d at 263. Therefore, Appellant's claim that the evidence was insufficient to support his DUI convictions must fail.

Turning to his second issue, Appellant baldly contends that his sentence was excessive in light of his "prior record and the testimony adduced at trial." Appellant's Brief at 10. This claim constitutes a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007). This Court has stated:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Lewis*, 45 A.3d 405, 410 (Pa. Super. 2012) (*en banc*) (some citations omitted).

Significantly, "the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated . . . . Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . ." *Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). Further, in order to present a substantial question, a defendant must show that his "sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted). It is well-settled that a generic claim that a sentence is excessive does not constitute a substantial question necessitating review. *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015).

Instantly, Appellant preserved his sentencing issue in his post-sentence motion and timely appealed, but failed to include a Pa.R.A.P. 2119(f) statement in his brief. Accordingly, we could find Appellant's sentencing issue waived. *Commonwealth v. Gambal*, 561 A.2d 710, 713 (Pa. 1989) (holding that defendant's failure to include a Rule 2119(f) statement would result in the *sua sponte* waiver of his sentencing claim).

Moreover, even if we were to conclude that Appellant's sentencing issue was not waived for failure to include a Rule 2119(f) statement, Appellant does not raise a substantial question for our review. ***See Tirado***, 870 A.2d at 365. Appellant provides no indication of any specific provision of the Sentencing Code that his sentence violates and does not specify any particular violation of the fundamental norms underlying the sentencing process. ***See id.*** Indeed, Appellant provides only the general claim that his sentence was excessive without citation to the record or to any legal authority relevant to his specific claim. ***See Christine***, 78 A.3d at 10. Accordingly, we conclude that Appellant's second issue also lacks merit and we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/9/2016