J-S58023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WINOWITCH, JR. | : | |
| | : | |
| Appellant | : | No. 387 WDA 2018 |

Appeal from the Judgment of Sentence February 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007108-2017

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 16, 2018**

Robert Winowitch, Jr. (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of driving under the influence of alcohol (DUI), public drunkenness, and related offenses.[1] Appellant challenges the sufficiency of the evidence.  Upon review, we affirm.

Appellant was charged with a total of four offenses:  DUI, public drunkenness, driving without a license, and driving while operating privilege is suspended or revoked.[2]  The case proceeded to a bench trial on November

_____

[1] 75 Pa.C.S.A. § 3802(a)(1), 18 Pa.C.S.A. § 5505.

[2] 75 Pa.C.S.A. §§ 1501(a), 1543(b)(1).  Appellant had two prior DUI convictions within the past ten years, and four total DUI convictions in his lifetime.

20, 2017. The parties stipulated to the facts set forth in the affidavit of probable cause attached to the criminal complaint. In the affidavit, Officer Deppen stated that on April 29, 2017, he responded to a radio call about "a suspicious occupied vehicle . . . parked in the Boston ball field parking lot" in McKeesport, Pennsylvania.[3] Affidavit of Probable Cause, 5/1/17. Officer Deppen averred:

> While I was en route to the location Ofc Huschak approached the vehicle because he could see there was a person slumped over in the driver's seat. Huschak was eventually able to awaken [Appellant] by repeatedly beating on the driver's door window. With the driver's door open Ofc Huschak could see that the dashboard lights were on. The vehicle was parked with the keys in the ignition and turned to on with the engine off. Ofc Huschak reached across the steering wheel to remove the keys from the ignition. At that time [Appellant] turned the ignition to off, removed the key, threw it on the passenger's seat and denied they were in the ignition.
>
> Upon my arrival I could see the vehicle was parked crooked about 2/3 of the way into the parking stall and about half way over the line. As I approached the vehicle I could smell the odor of an alcoholic beverage on [Appellant's] breath from about 4 feet away. [Appellant] had red glassy eyes and slurred speech. [Appellant] is also hard of hearing so I yelled while speaking with him. I asked [Appellant] to step out of the vehicle to perform field sobriety testing. When [Appellant] exited the vehicle he had difficulty maintaining his balance and would sway from side to side while standing still.

*Id.*

---

[3] The record does not indicate the first name of either of the officers named in the affidavit. Furthermore, the affidavit did not state the time of day the officers encountered Appellant.

Officer Deppen administered the "horizontal gaze nystagmus," "walk and turn," and "one leg stand" field sobriety tests to Appellant, all of which indicated that Appellant was impaired. *Id.* Thereafter, Officer Deppen placed Appellant under arrest.

At trial, Appellant stipulated that two hours before the officer encountered him, he made a cash withdrawal inside Rich's Parkside Den, "an establishment serving alcoholic beverages," that was a short distance from his parked car. N.T. Trial, 11/20/17, at 10-11. Appellant did not testify, but presented photographs of the parking lot. *Id.* at 9. His attorney argued that because the car's engine was not on, Appellant did not have actual physical control over the movement of the vehicle for purposes of the DUI statute. *Id.* at 10-33. The court rejected this argument, and found that Appellant was guilty of all charges.

Appellant filed a petition for post-verdict relief, again arguing that he did not have actual physical control over the movement of the vehicle because the engine was not on. The trial court heard oral argument on January 19, 2018, but denied relief. On February 15, 2018, the court sentenced Appellant to an aggregate term of 18 months of intermediate punishment and 3 years of probation. Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925(b).

On appeal, Appellant presents two sufficiency issues for our review:

WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE TRIAL COURT'S VERDICT OF GUILTY AS TO THE CHARGE OF DUI (75 PA.C.S.A § 3802 (a)(1))?

WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE TRIAL COURT'S VERDICT OF GUILTY AS TO THE CHARGE OF PUBLIC DRUNKEN[N]ESS (18 PA.C.S.A § 5505))?

Appellant's Brief at 4.

Appellant first argues that the evidence was insufficient to support his conviction of DUI, and again asserts the evidence did not establish that he was in actual physical control of the movement of his car. In support, Appellant cites numerous Superior Court decisions addressing the sufficiency of evidence for DUI, emphasizing that in **Commonwealth v. Price**, 610 A.2d 488 (Pa. Super. 1992), this Court held that actual physical control over a vehicle was not established where the defendant had the key in his hand and sat behind the wheel of a parked car and the engine was not running. Appellant's Brief at 15. Appellant also cites **Commonwealth v. Byers**, 650 A.2d 468 (Pa. Super. 1994). In **Byers**, this Court determined that the defendant did not have actual physical control where he was asleep in the driver's seat, the motor and headlights were on, and the car was in the parking lot of a "lounge." Appellant's Brief at 15.[4] Appellant argues: "As demonstrated

_____

[4] Although Appellant discusses **Commonwealth v. Wolen**, 685 A.2d 1384 (Pa. 1996), he fails to mention that our Supreme Court in **Wolen** abrogated **Byers**, reiterating that "[w]ith respect to what constitutes 'actual physical control' in this Commonwealth, **the courts have held that whether a**

by cases, through at least 2009, an officer who locates a suspect sleeping in a car, even with the engine running, near an establishment that serves alcoholic beverages, does not even possess reasonable grounds to believe the person is in actual physical control of the vehicle." *Id.* at 18, citing ***Solomon v. Commonwealth, Dept. of Transp.***, 966 A.2d 640, 642 (Pa. Cmwlth. 2009)."[5]

At the outset, we note our standard of review:

> When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.

***Commonwealth v. Toland***, 995 A.2d 1242, 1245 (Pa. Super. 2010) (citation omitted).

---

**person is in actual physical control of a motor vehicle is determined based on the totality of the circumstances**, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene." ***Wolen***, 685 A.2d at 1385 (emphasis added).

[5] Appellant refers to several Commonwealth Court cases, including ***Solomon***, which address whether a police officer had reasonable grounds to believe that a motorist was in actual physical control of a vehicle while under the influence, so as to support suspension of the motorist's operating privileges for refusing chemical test pursuant to 75 Pa.C.S.A. § 1547(b). These cases do not address the sufficiency of evidence for a criminal conviction of DUI under 75 Pa.C.S.A. § 3802, and thus they are not authoritative in this case.

Significantly, Appellant disregards the trial court's role as the factfinder in this case. "It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017) (citations omitted). With regard to Appellant's DUI conviction, the Vehicle Code states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

*See* 75 Pa.C.S.A. § 3802(a)(1).

Subsequent to the *Price* and *Byers* cases cited by Appellant, this Court explained:

> "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." A determination of actual physical control of a vehicle is based upon the totality of the circumstances. "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle."

*Toland*, 995 A.2d at 1246 (citations omitted). "The concept of 'actual physical control' involves the control of the movements of either the machinery of a motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion." *Commonwealth v. Young*, 904 A.2d 947, 955 (Pa. Super. 2006) (citation omitted).

As noted by the trial court, our Supreme Court has summarized decisional authority of what constitutes "actual physical control" of a vehicle under the DUI statute:

> ***Commonwealth v. Woodruff***, 668 A.2d 1158 (Pa. Super. 1995) (actual physical control found where defendant's car was on berm of the road fifty yards west of the store where he had purchased beer, the engine was running, the high beams were on and the car was protruding into traffic lanes); ***Commonwealth v. Trial***, 652 A.2d 338 (Pa. Super. 1994) (actual physical control found where defendant's car was diagonally across a roadway, defendant was in the car with his seatbelt on, the parking lights were on and the keys were in the ignition in the "on" position, although the engine was not running); ***Commonwealth v. Wilson***, 660 A.2d 105 (Pa. Super. 1995) (actual physical control found where defendant's car was down an embankment by the roadside, no keys were found, but the hood of the car was still warm on a winter night); ***Commonwealth v. Leib***, 588 A.2d 922, (Pa. Super. 1991) (actual physical control found where defendant was asleep in the car in the middle of the road with the engine off); ***Commonwealth v. Bobotas***, 588 A.2d 518 (Pa. Super. 1991) (actual physical control found where defendant was parked in an alley on his way home with his engine running); ***Commonwealth v. Crum***, 523 A.2d 799 (Pa. Super. 1987) (actual physical control found where defendant was sleeping in his car on the side of the road with the engine and headlights on); ***Commonwealth v. Kloch***, 327 A.2d 375 (Pa. Super. 1974) (actual physical control found where defendant was asleep behind the wheel of a car parked along the side of the highway, protruding into a traffic lane with the engine and headlights on) . . . ; *cf. **Commonwealth v. Price***, 610 A.2d 488, 490 (Pa. Super. 1992) (no actual physical control established where the defendant was sitting behind the wheel of a parked car; the engine was not running and the defendant had the keys in his hands).

***Commonwealth v. Wolen***, 685 A.2d 1384 (Pa. 1996) (citations reformatted). ***See also Toland***, 995 A.2d at 1246 (defendant in actual physical control of vehicle where he was asleep in driver's seat with motor running and headlights on, car was parked in front of a store that did not sell

beer, and cold, unopened six-pack of beer was in car).

Instantly, the trial court referenced the aforementioned cases and reasoned:

> This Court convicted [Appellant] based on the fact that he was found by police officers slumped over in the driver's side of his vehicle. While the engine was not running, the keys were in the ignition and the ignition was in the "on" position. The dashboard lights were illuminated. [Appellant's] vehicle was parked in a parking lot of a ball field near a bar, a bar [Appellant] conceded he entered prior to the police arriving on the scene. . . . The vehicle was parked in a crooked manner and was not within the lines designated for the parking spots. This Court believes the instant circumstances are similar to *Trial* and *Wilson*, above. The circumstantial evidence demonstrates that [Appellant] had, prior to police arrival, physically turned the ignition switch on to illuminate the lights within his vehicle while he was sitting behind the steering wheel. He then fell asleep while sitting in the driver's seat. The location of the vehicle suggested that [Appellant] had driven the vehicle to the parking spot and, unfortunately, did not park within the lines designated for parking. Accordingly, this Court believes the evidence was sufficient to convict [Appellant] of driving under the influence.

Trial Court Opinion, 5/18/18, at 5-6.

After reviewing all of the evidence in the light most favorable to the Commonwealth, in conjunction with prevailing law, we discern no basis upon which to disturb the trial court's findings. We emphasize that in *Trial*, this Court affirmed the determination that the defendant was in actual physical control of his vehicle where, similar to the instant case, the engine was off but the keys were in the ignition and turned to the "on" position. *See Trial*, 652 A.2d at 340. As the Commonwealth may show that a defendant was in actual physical control of a motor vehicle "through wholly circumstantial evidence,"

we affirm Appellant's conviction of DUI. *See Toland*, 995 A.2d at 1246.

In Appellant's second issue, he challenges the sufficiency of the evidence with respect to his conviction of public drunkenness. The Crimes Code provides:

> A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance, as defined in . . . The Controlled Substance, Drug, Device and Cosmetic Act, except those taken pursuant to the lawful order of a practitioner, as defined in The . . . Act, to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity. . . .

18 Pa.C.S.A. § 5505.

Appellant asserts that the trial court appeared to "equate the possibility of danger . . . with actual danger," and that in this case, "[b]eing asleep in a vehicle [when] the engine is not even running, creates no danger to anyone." Appellant's Brief at 21. Appellant contends that he did not endanger himself or other persons or property. The trial court disagreed. It reasoned:

> It is clear from the record that the evidence adduced at trial sufficiently demonstrated that [Appellant] was intoxicated to such a degree that he was a danger to himself or other persons or property. The record clearly indicates that [Appellant] failed multiple field sobriety tests while has was slumped over and intoxicated in the driver's seat of his automobile. The fact that he was endangering himself or other persons or property is magnified by the fact that the ignition was in the "on" position and the vehicle could have easily been shifted into gear by involuntary movements of [Appellant] while he was passed out drunk. He was in a public parking lot after having left a bar. This Court views this evidence as sufficient that he was guilty of public drunkenness.

Trial Court Opinion, 5/18/18, at 7-8.

While emphasizing that he was asleep, Appellant disregards the trial court's reference to Appellant's contemporaneous intoxication while seated in his automobile in a public parking lot with the keys engaged in the vehicle's ignition. Viewing this evidence in the light most favorable to the Commonwealth, we are not persuaded by Appellant's second sufficiency claim regarding public drunkenness.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2018