J-S04024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :          PENNSYLVANIA
                                  :
             v.                   :
                                  :
                                  :
ROSEANNA MALDONADO         :
                                  :
           Appellant          :    No. 1477 EDA 2021

Appeal from the Judgment of Sentence Entered June 29, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0000655-2020

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:              **FILED FEBRUARY 17, 2022**

Roseanna Maldonado (Appellant) appeals from the judgment of sentence imposed following her conviction of driving under the influence of alcohol (DUI), 75 Pa.C.S.A. § 3802(b). We affirm.

The trial court summarized the relevant facts as follows:

> On December 11, 2019, at approximately 12:00 a.m., Trooper Thomas G. Spurlock, Jr. was traveling near the Valley Fair Shopping Center and noticed [Appellant's] vehicle partially on a grass hill in the parking lot of a hibachi restaurant [(the restaurant),] located at 240 West Swedesford Road, Berwyn, Chester County, Pennsylvania. The vehicle was stuck on a [concrete] parking barrier, partially on the grass, and could not be moved. [Upon approaching the vehicle, Trooper Spurlock saw Appellant, the only occupant, in the driver's seat.] The vehicle was not in motion or damaged; however, the vehicle was still running with the headlights turned on. Since the vehicle was stuck, [Appellant] testified [at the January 21, 2021, non-jury trial,] that she called Allstate insurance company at 11:35 p.m.,

---

[*] Former Justice specially assigned to the Superior Court.

… after she left the restaurant.[1] Upon making contact with [Appellant], Trooper Spurlock observed glassy eyes and an odor of alcohol coming from [Appellant's] breath. He asked whether [Appellant had consumed] any alcoholic beverages that evening and [she] replied that she had three drinks. [Appellant] agreed to perform [standardized field] sobriety tests which produced unsatisfactory results. [Appellant] also submitted to a chemical test of her breath[, which revealed she had a blood alcohol content] … of 0.113%.

At trial, Trooper Spurlock testified to the above facts. The Commonwealth also presented for the court Trooper Spurlock's body camera [video] recording of the events that evening [(the video)]. Based on the facts and the evidence presented at trial, [Appellant] was found guilty of [DUI,] with the amount of alcohol by weight in [her] blood being at least 0.10% but less than .16% (75 Pa.C.S.A. § 3802(b)).

Trial Court Opinion, 8/18/21, at 1-2 (footnote added).

On June 29, 2021, the trial court sentenced Appellant to six months of probation and a concurrent 10-days of electronic home confinement. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue: "Was the evidence sufficient to support the conviction?" Appellant's Brief at 4.

In reviewing a sufficiency challenge, the standard of review we apply is

---

[1] Appellant testified that her vehicle got stuck on the parking barrier when she arrived at the restaurant hours earlier and was not intoxicated. N.T., 1/21/21, at 31-32. It was only after she entered the restaurant to attend a holiday party that she consumed alcohol. *Id.* at 32. When Appellant left the restaurant at approximately 11:00 p.m., she returned to her vehicle and discovered the vehicle was still immobilized; she then fell asleep until 11:30 p.m. *Id.* at 32-33.

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. … Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) (citations omitted).

Appellant challenges her conviction under 75 Pa.C.S.A. § 3802(b), which states:

**(b)** *High rate of alcohol.* — An individual may not drive, operate or be in *actual physical control* **of the movement of a vehicle** after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

*Id.* (emphasis added).

Our Supreme Court has explained:

With respect to what constitutes "actual physical control" in this Commonwealth, the courts have held that whether a person is in actual physical control of a motor vehicle is determined based on the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene.

- 3 -

***Commonwealth v. Wolen***, 685 A.2d 1384, 1385 (Pa. 1996) (plurality). Furthermore, "an eyewitness is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." ***Commonwealth v. Johnson***, 833 A.2d 260, 263 (Pa. Super. 2003).

Here, Appellant argues that although she "admitted to drinking, she was not in physical control of the movement of the vehicle during the time when she was under the influence. The location of the car supports the inference that it had not been driven." Appellant's Brief at 12; ***see also id.*** at 19 ("there was no corroborating evidence to support the court's finding of control."). Appellant asserts:

> The lack of damage to Appellant's vehicle, the absence of any tracks or marks on the parking lot with the weather conditions,[2] and the absence of any witnesses defies the court's position that [Appellant] operated her vehicle after consuming alcohol and drove forward over the barrier when she was leaving.

***Id.*** at 19-20 (footnote added). Appellant emphasizes Trooper Spurlock's testimony that although the vehicle's engine was running, he never saw the vehicle in motion. ***Id.*** at 12 (citing N.T., 1/21/21, at 23-24).

---

[2] Trooper Spurlock testified the weather was cold and rainy. N.T., 1/21/21, at 9.

The trial court found no merit to Appellant's sufficiency challenge. The court explained:

> [Appellant's] vehicle was found stuck on a parking barrier, and could not be moved by [Appellant] alone without roadside assistance. The vehicle was clearly not capable of being in motion; however, **the headlights were turned on and the vehicle's motor was running**. [Appellant] appeared upset on the video produced at trial, and based on the [field sobriety and chemical breath] tests, and by her own admission, intoxicated. Equally important, these events occurred at midnight. **The court was not persuaded by [Appellant's] version which relies on the idea that [she] would wait until midnight to call roadside assistance, hours after going over the barrier, and simply leave the car on the grass for hours in the evening**. The totality of the circumstances established that [Appellant] operated her vehicle **after** consuming alcohol and drove forward over the barrier when she was leaving, getting stuck on the grass hill.

Trial Court Opinion, 8/18/21, at 4-5 (emphasis added).

The evidence of record supports the trial court's reasoning, and we agree with its conclusion. Sitting as the factfinder, the trial court was free to believe some, all, or none of the evidence presented at trial. *See Smith*, *supra*. Appellant essentially asks us to substitute our judgment for that of the trial court, and credit Appellant's version of events over that of the Commonwealth. This request implicates the weight of the evidence, not sufficiency. *See*, *e.g.*, *Commonwealth v. Perez*, 93 A.3d 829, 840 (Pa. 2014) (appellant's claim that "his explanation of the events … negated the Commonwealth's theory of the case" went to weight of the evidence, not sufficiency). Notably, Appellant did not raise a weight claim. To the extent she attempts to present a weight claim on appeal, it is waived. *See*

*Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012) (failure to preserve a weight claim at sentencing or in a post-sentence motion results in waiver); *see also* Pa.R.A.P. 1925(b)(4)(vii) (any issues not raised in a Rule 1925(b) statement will be deemed waived).[3]

To the extent Appellant's issue goes to the sufficiency of the evidence, we, like the trial court, find that the issue lacks merit. The evidence of record and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth, was sufficient for the trial court to conclude that Appellant had been in "actual physical control" of her vehicle while intoxicated. *See Commonwealth v. Peck*, 242 A.3d 1274, 1279 (Pa. 2020) (in reviewing a sufficiency challenge, an appellate court must view "all reasonable inferences derived" from the evidence "in favor of the Commonwealth," not the defendant); *see also Johnson*, *supra* (the Commonwealth may establish actual physical control through wholly circumstantial evidence). We note our Supreme Court's collected cases concerning "actual physical control":

> *Commonwealth v. Trial*, 438 Pa. Super. 209, 652 A.2d 338 (1994) (actual physical control found where defendant's car was diagonally across a roadway, defendant was in the car with his seatbelt on, the parking lights were on and the keys were in the ignition in the "on" position, although the engine was not running); *Commonwealth v. Wilson*, 442 Pa. Super. 521, 660 A.2d 105 (1995) (actual physical control found where defendant's car was down an embankment by the roadside, no keys were found, but the hood of the car was still warm on a winter night);

_____

[3] Appellant raised only sufficiency in her Rule 1925(b) statement.

***Commonwealth v. Leib***, 403 Pa. Super. 223, 588 A.2d 922, *alloc. denied*, 528 Pa. 642, 600 A.2d 194 (1991) (actual physical control found where defendant was asleep in the car in the middle of the road with the engine off); ***Commonwealth v. Bobotas***, 403 Pa. Super. 136, 588 A.2d 518 (1991) (actual physical control found where defendant was parked in an alley on his way home with his engine running); ***Commonwealth v. Crum***, 362 Pa. Super. 110, 523 A.2d 799 (1987) (actual physical control found where defendant was sleeping in his car on the side of the road with the engine and headlights on); ***Commonwealth v. Kloch***, 230 Pa. Super. 563, 327 A.2d 375 (1974) (actual physical control found where defendant was asleep behind the wheel of a car parked along the side of the highway, protruding into a traffic lane with the engine and headlights on); ***Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. Farner***, 90 Pa. Commw. 201, 494 A.2d 513 (1985) (actual physical control found where defendant was behind the wheel in a traffic lane with the motor running and the brake lights activated); ***cf. Commonwealth v. Price***, 416 Pa. Super. 23, 27, 610 A.2d 488, 490 (1992) (no actual physical control established where the defendant was sitting behind the wheel of a parked car; **the engine was not running** and the defendant had the keys in his hands).

***Wolen***, 685 A.2d at 1386 (emphasis added).

Finally, Appellant's reliance on ***Commonwealth v. Byers***, 650 A.2d 468, 471 (Pa. Super. 1994) is unavailing. ***Cf.*** Appellant's Brief at 14 (claiming ***Byers*** "is controlling"). ***Byers*** is not controlling. In ***Byers***, this Court reversed the appellant's DUI conviction, and held that "a defendant is not in actual physical control of a vehicle merely because the vehicle has been started." ***Byers***, 650 A.2d at 471. The Supreme Court abrogated the ***Byers*** decision in ***Wolen***. Justice Castille observed:

The ***Byers*** Court reasoned that penalizing a person for "sleeping it off" with the engine running for a purpose other than driving the vehicle (for example, to provide heat, operate the radio or power a car phone) would defeat this laudable purpose [of not driving

impaired].

However, nowhere in the statute is there a requirement that the fact-finder should consider whether or not one in actual physical control of a vehicle and under the influence of alcohol or controlled substances poses a threat to public safety. The legislature has reasonably determined that one driving a motor vehicle on the public streets and highways of the Commonwealth while under the influence of alcohol or controlled substances constitutes a threat to public safety *per se,* even if there are no other members of the public immediately endangered. While it may be laudable that one who realizes that he is incapable of safe driving pulls over to "sleep it off," the legislature has made no exception to the reach of the statute to such individuals. Accordingly, such a person's threat to public safety is not a relevant consideration under the drunk driving statutes.

**Wolen**, 685 A.2d at 1386 n.4.

For the above reasons, Appellant's challenge to the sufficiency of the evidence does not merit relief.

Judgment of sentence affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date* 2/17/2022

- 8 -